IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| NATHANIEL HARVEY, JR., | : | |
| Plaintiff | : | |
| VS. | : | 1 : 06-CV-120 (WLS) |
| SGT. JACKSON, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are the plaintiff's Motion to Compel and the defendants' Motion for Summary Judgment. The plaintiff filed this action in August 2006, raising several claims regarding the confiscation of his property by the defendants during his confinement at Autry State Prison. Following the dismissal of several claims, only the plaintiff's claim that he was denied access to the courts by the defendants' actions remains pending herein.

*Motion to Compel*

In his Motion to Compel, filed on March 9, 2007, the plaintiff asks that the defendants be compelled to produce documents requested on January 3, 2007. In response to this motion, the defendants assert that they provided the plaintiff with the subject discovery responses on March 2, 2007. Inasmuch as the plaintiff's discovery requests have apparently been answered by the defendants, his Motion to Compel has been rendered moot and is hereby **DENIED**.

Plaintiff's "Motion for Disputed Facts", which is in reality a portion of plaintiff's response to defendants' summary judgment motion, is **DENIED** as presenting no issues for decision.

*Motion for Summary Judgment*

Also pending herein is the Motion for Summary Judgment filed by defendant Jenkins, and through special appearance by defendants Jackson and Wilson. Among other arguments, these defendants assert that the plaintiff has failed to properly exhaust his claims pursuant to the dictates of the PLRA and that they are therefore entitled to the entry of summary judgment. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

The defendants seek summary judgment based on the plaintiff's alleged failure to exhaust administrative remedies pursuant to the dictates of the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

The defendants maintain, supported by the affidavit of Benjie Nobles, Grievance Coordinator at Autry State Prison, that the plaintiff failed to fully pursue his grievance in regard to the events

2

underlying his claim. The defendants provide that the plaintiff filed a grievance alleging that his property was missing on June 12, 2006. On July 6, 2006, the Warden's office denied the grievance, and the plaintiff thereafter did not file an appeal of this denial, nor did he file any other grievance related to the issues of this lawsuit. The plaintiff does not dispute these facts as set out by the defendants, although he does argue that he did not receive the Warden's denial of his grievance until August 4, 2006 and that this somehow relieved him from filing an appeal of the denial.

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff clearly failed to file an appeal of his grievance, which the grievance form clearly allows within 5 days *of receipt* of the Warden's denial. (emphasis added). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed to rebut the defendants' summary judgment showing the court must conclude that the claim underlying this action remains unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."). Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties

may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 16th day of January, 2008.

  /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb